## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| ISSUER ADVISORY GROUP LLC, | ) | CASE NO.  5:14CV1705 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| TECHNICAL CONSUMER | ) | |
| PRODUCTS, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

In this contract action, defendant Technical Consumer Products, Inc. ("defendant" or "TCPI") moves to dismiss the complaint (Doc. No. 4 ["Mot"]). Plaintiff Issuer Advisory Group LLC ("plaintiff" or "IAG") opposes the motion (Doc. No. 8 ["Opp."]), and TCPI has filed a reply (Doc. No. 9 ["Reply"]). For the reasons set forth below, the motion is denied.

### I.  BACKGROUND

According to the complaint, IAG "is a Maryland limited liability company, with its principal place of business located in Chevy Chase, Maryland." (Doc. No. 1-1 ["Compl."] ¶ 1.) TCPI "is an Ohio corporation with its principal place of business located in Aurora, Ohio." (*Id*. ¶ 2.) "In late 2011[,]" TCPI made the decision to make an Initial Public Offering ("IPO") of its stock. (*Id*. ¶ 7.) In April 2012, TCPI authorized IAG to guide it through the IPO process. (*Id*. ¶ 10.) To memorialize the parties' arrangement, IAG drafted an engagement letter that detailed the consulting services IAG

would provide. (*Id.* ¶ 11.) It is undisputed that the engagement letter contained a guarantee whereby IAG promised, "[i]f for any reason you are not completely satisfied with our service, <u>you may tear up our invoice. You will owe us nothing</u>." (Doc. No. 4-2 ["engagement letter"] at 29, emphasis in the original.)[1] "Through oversight, the engagement letter was not executed," though IAG asserts that it fully performed its contractual obligations with full knowledge, and under the direction, of TCPI. (*Id.* ¶ 12.)

As part of its duties, IAG scheduled meetings in New York between officers of TCPI and officials from the New York Stock Exchange ("NYSE") and the National Association of Securities Dealers Automated Quotations ("NASDAQ"). (*Id.* ¶ 11.) Following these meetings, both exchanges made offers to list TCPI's stock. (*Id.* ¶ 14.) IAG continued to negotiate with both exchanges, on behalf of TCPI, in order to obtain the best terms possible. (*Id.* ¶ 15.) "On or about July 2, 2012," TCPI's Chief Financial Officer instructed IAG to inform NASDAQ that TCPI would accept its offer to list TCPI's stock when it was made public. (*Id.* ¶ 17.) IAG asserts that it continued to work on TCPI's behalf to ensure that TCPI met the requirements for listing on NASDAQ. (*Id.* ¶ 18.) "However, without prior warning, in October of 2012 [TCPI] withdrew its SEC F-1 filing, essentially withdrawing its application to go public." (*Id.* ¶ 19.)

When IAG contacted representatives at TCPI to inquire about payment for the effort it expended on TCPI's anticipated IPO, TCPI purportedly agreed to pay but asked IAG "to defer until TCPI reinitiated its efforts to go public, which it advised [IAG]

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

it intended to do in the near future." (*Id*. ¶ 20.) IAG "agreed to defer its payment, as it expected to provide more services when TCPI re-initiated its efforts to go public." (*Id*. ¶ 21.) And in fact, TCPI did re-initiate its efforts to go public, but did so without the assistance of IAG. (*Id*. ¶ 22.) When TCPI rebuffed IAG's attempts to collect for the services it rendered, IAG filed suit. (*Id*. ¶ 23.)

IAG's complaint, filed in state court on July 7, 2014, raised three causes of action: breach of contract, promissory estoppel, and unjust enrichment. (Compl. at 9-10.) On August 4, 2014, TCPI removed the action to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. No. 1 [Notice of Removal] ¶ 4.) The present motion to dismiss followed. TCPI offers two separate reasons why the complaint is subject to dismissal. First, TCPI argues that IAG lacks capacity to bring this action because it is not registered to conduct business in Ohio as a foreign company, and, second, IAG did not perform its services to the satisfaction of TCPI. (Mot. at 20.)

## II.  GOVERNING LAW

### A.  *Standard of Review under Fed. R. Civ. P. 8 and 12(b)(6)*

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil procedure tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co*., 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389,

400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8. Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1975, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

### B.      Review of Matters Outside the Pleadings

In entertaining a Rule 12(b)(6) motion, the Court may consider documents that are referred to in the pleadings and are integral to the claims without converting the motion to one for summary judgment. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citation omitted); *see also Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (court may consider documents that govern a party's rights and are necessarily incorporated by reference in the complaint on a motion to dismiss). The engagement letter is specifically referenced in the complaint and is integral to IAG's claims, as it is

the purported source of IAG's contract rights. It is, therefore, appropriate to consider it in connection with TCPI's pending motion.

Both sides, however, have strayed well beyond the pleadings, supporting their briefs with facts and documents not referenced in the complaint. As previously discussed, ordinarily "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss." *Weiner*, 108 F.3d at 88 (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989) (citation omitted), and a court considering such matters typically will convert a Rule 12 motion to a Rule 56 motion for summary judgment. Fed. R. Civ. P. 12(d). It is solely within the Court's discretion, however, to either consider these matters and convert the motion to one for summary judgment or to exclude the extra-pleading materials and apply the standard set forth in Rule 12. *See Shelby Cnty. Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund*, 203 F.3d 926, 931 (6th Cir. 2000); *Batt v. United States*, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court.") (citation omitted).

"Where there is a real dispute as to whether discovery is complete, it would be imprudent to consider the extra-pleading material and decide [the] motion for summary judgment." *Kelley ex rel. Mich. Natural Res. Comm'n v. Arco Indus. Corp.*, 721 F. Supp. 873, 877-78 (W.D. Mich. 1989). "Considering the motion as a motion for summary judgment would be improper in those situations because the parties may not be able to present enough material to support or oppose a motion for summary judgment since no factual record has yet been developed." *Black v. N. Hills Sch. Dist.*, Civil Action

5

No. 06-807, 2007 WL 2728601, at *1 (W.D. Pa. Sept. 17, 2007) (quotation marks and citations omitted).

The Court shall exercise its discretion to exclude the extra-pleading materials presented by the parties. The present action is still in its infancy, and the parties have not conducted *any* discovery. In fact, the Court has not yet held a Case Management Conference ("CMC") with counsel and the parties where the dates and deadlines— including the deadline for fact discovery—that will govern the case will be set. Under these circumstances, treating defendant's motion as one for summary judgment would be premature. *See, e.g., Marsilio v. Vigluicci*, 924 F. Supp. 2d 837, 847 (N.D. Ohio 2013) (refusing to convert a Rule 12 motion to one under Rule 56, and noting that "[l]ittle or no discovery had taken place to allow the parties to argue . . . whether a genuine issue of material fact exists") (citation omitted). The Court will, therefore, confine its analysis to the pleadings and the engagement letter.

### III. DISCUSSION

Because this action is here under diversity jurisdiction, state law governs the substantive issues. *See generally Gass v. Marriott Hotel Servs., Inc.*, 558 F.3d 419, 425-26 (6th Cir. 2009). Count One of the complaint alleges a claim for breach of contract. "Under Ohio law, the elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage or loss to the plaintiff as a result of the breach." *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012) (citing, among authorities, *Savedoff v. Access Grp., Inc.*, 524 F. 3d 754, 762 (6th Cir. 2008)). IAG properly pled facts that support each and every one of these elements, including the existence of a valid contract

(in the form of the engagement letter), full performance by IAG, and a breach by TCPI resulting in damages to IAG. (Compl. ¶¶ 10-24, 26-31.)

IAG has also successfully pled a cause of action for promissory estoppel. "Under Ohio law, the 'elements of a promissory estoppel claim are (1) a clear, unambiguous promise; (2) reliance upon the promise by the person to whom the promise is made; (3) the reliance is reasonable and foreseeable; and (4) the person claiming reliance is injured as a result of reliance on the promise.'" *Sweitzer v. Am. Express Centurion Bank*, 554 F. Supp. 2d 788, 796 (S.D. Ohio 2008) (quoting *Weiper v. W.A. Hill & Assoc.*, 661 N.E.2d 796, 803 (Ohio Ct. App. 1995)). IAG contends that TCPI represented it would compensate IAG for its consulting services, that it intended IAG to rely on this promise, and that IAG did, indeed, rely on the promise to its detriment. (Compl. ¶¶ 33-39.)

Finally, in Count Three, plaintiff raises a claim for unjust enrichment. To state such a claim under Ohio law, a plaintiff must allege: "'(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.'" *L & H Leasing Co. v. Dutton*, 612 N.E.2d 787, 791 (Ohio Ct. App. 1992) (quoting *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984)). In support of this claim, IAG alleges that it conferred a benefit upon TCPI in the form of consulting services, that these services were performed at the request of and with full knowledge of TCPI, and that it would be unjust to permit TCPI to retain this benefit without compensating IAG. (Compl. ¶¶ 13, 15-16, 41-44.)

Notwithstanding the existence of three properly pled state law claims,[2] TCPI maintains that the complaint must be dismissed because IAG, as an unregistered foreign limited liability company, lacks the capacity to bring an action in any Ohio court. Alternatively, TCPI insists that the present action is foreclosed by its dissatisfaction with IAG's services. The Court shall address each argument in turn.

A. *IAG's Capacity Under Ohio Rev. Code § 1705.58(A)*

"As a threshold matter, the capacity of unincorporated associations to sue in federal court is determined by 'the law of the state where the court is located.'" *Alpha Waste Sys., LLC v. Resource Reclamation Toledo, LLC*, No. 3:13-cv-2462, 2014 WL 1788576, at *1 (N.D. Ohio May 5, 2014) (quoting Fed. R. Civ. P. 17(b)(3)) (further citation omitted). Because IAG is a limited liability company, it is an unincorporated association, and its capacity to sue is controlled by Ohio law.

Ohio Rev. Code 1705.54(A) governs the registration of foreign LLCs and provides, in pertinent part:

> Before transacting business in this state, a foreign limited liability company shall register with the secretary of state. The company shall register by submitting to the secretary of state an application for registration as a foreign limited liability company. . . .

Additionally, § 1705.58(A) provides:

> A foreign limited liability company transacting business in this state may not maintain any action or proceeding in any court of this state until it has

---

[2] Because the parties did not raise or address the issue, the Court makes no ruling, at this time, as to whether plaintiff can simultaneously maintain a contract and unjust enrichment claim under Ohio law. *See ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, 750 F. Supp. 2d 839, 849 (N.D. Ohio 2010) ("Although Ohio law does not permit recovery under a theory of unjust enrichment where an express contract governs, Ohio law does allow a party to plead unjust enrichment in the alternative when the validity of the contract is in dispute.") (citations omitted).

8

> registered in this state in accordance with sections 1705.53 to 1705.58 of
> the Revised Code.

While the failure of a foreign limited liability company to register will not invalidate any contracts it enters into in connection with its dealings in Ohio, it may not "maintain any court action until it obtains a license to transact business in the State of Ohio." *Auto Drivaway Co. v. Auto Logistics of Columbus*, 188 F.R.D. 262, 264 (S.D. Ohio 1999).

Beginning with the complaint, TCPI highlights the fact that IAG has failed to allege that, as a limited liability company organized under the laws of Maryland, it is licensed to do business in Ohio as a foreign entity (Mot. at 23.) However, "[i]t is not necessary to aver the capacity of a party to sue. . . .'" *Dot Sys., Inc. v. Adams Robinson Ent., Inc*., 587 N.E.2d 844, 848 (Ohio Ct. App. 1990) (quoting Ohio R. Civ. P. 9(A)). Rather, a challenge to a party's capacity to sue comes in the form of a "*specific negative averment*[.]" *Id*. (quoting Ohio R. Civ. P. 9(A)) (emphasis supplied by *Dot Sys., Inc., supra*).

Looking beyond the pleadings, TCPI directs the Court to the Ohio Secretary of State's website and "related public records" that "demonstrate that [IAG], a foreign limited liability company, has **never** been licensed to transact business in the state of Ohio. (Mot. at 23-24, emphasis in original.) It is true that the Court may take judicial notice of public records without converting a motion to dismiss into one for summary judgment, *Wyser-Pratte Mgmt. Co., Inc. v. Telxon Corp*., 413 F.3d 553, 560 (6th Cir. 2005), and, in any event, IAG does not directly take issue with TCPI's representation of it as an unregistered foreign limited liability company. Instead, it insists that it was not

required to register because it does not "transact business" in Ohio, as that phrase is understood in Ohio Rev. Code §§ 1705.54(A) and 1705.58.

Only foreign limited liability companies that transact business in the state of Ohio need register with the Ohio Secretary of State before bringing suit in a court located in the state. *See Premier Capital, L.L.C. v. Baker*, 972 N.E.2d 1125, 1131 (Ohio Ct. App. 2012) (foreign limited liability company was not required to register with the state of Ohio before initiating an action in an Ohio court where it was merely attempting to collect on a debt and did not "transact business" in Ohio). The determination of whether a foreign limited liability company is "transacting business" in Ohio requires a fact-intensive consideration of the company's business operations. *See Selama-Dindings Plantations, Ltd. v. Durham*, 216 F. Supp. 104, 113 (S.D. Ohio 1963) (citation omitted) ("What constitutes 'transacting business' is a factual matter to be determined in each case.") (citation omitted); *see also Auto Driveaway Co.*, 188 F.R.D. at 264 ("Whether a corporation engages solely in interstate commerce so that it is exempt from Ohio's licensing requirements is largely a factual determination, dependent upon the totality of the relevant circumstances surrounding the corporation's business operations.") (citations omitted).

The factually dependent nature of the analysis is evident by the parties' briefing on the issue of whether IAG was "transacting business" in Ohio. IAG attempts to offer the declaration of its Chief Financial Officer, Patrick Healy, to demonstrate IAG's limited contacts with the state of Ohio. (Opp. at 81-82, 85-86, citing Doc. No. 8-1 ["Healy Decl."].) TCPI counters with a barrage of exhibits that it believes shows IAG's business presence in Ohio. (Reply at 97-98, citing Doc. No. 9-1 to 9-10.) As the Court

10

has already determined, it would be ill advised to attempt to discern whether there are genuine issues of material fact where the record has yet to be developed. The Court, unwilling to venture with the parties beyond the pleadings at this time, will deny this portion of TCPI's dispositive motion. Nonetheless, at the CMC, the Court will discuss with counsel and the parties the possibility of limiting the initial round of discovery to the threshold issue of whether IAG has the capacity to maintain this action.

### B. Guarantee Clause

Relying on the guarantee in the engagement letter, TCPI argues, in the alternative, that its dissatisfaction with IAG's consulting services precludes any possible recovery by IAG. This argument is also obviously premature.

In support of its motion, TCPI goes beyond the pleadings and offers the June 29, 2014 letter from Laura Hauser, General Counsel for TCPI, to Timothy Shimko, counsel for IAG. (Doc. No. 4-5.) Citing the "satisfaction guarantee" in the engagement letter that permitted the client to "tear up" the invoice if not fully satisfied, Ms. Hauser simply stated, "Consider that done in this instance." (*Id*. at 34.)

IAG posits that it cannot be barred from recovery simply because TCPI's present general counsel, who was not even employed by TCPI when IAG performed its services for TCPI, is not subjectively satisfied. (Opp. at 86.) Rather, it argues that TCPI principals—employed by TCPI during the relevant time period—were fully satisfied with IAG's performance. In support, IAG returns to Mr. Healey's declaration and, specifically, his representation that "[a]t all times, Vararie Campbell and Kevin Bagby expressed their complete satisfaction with IAG's services[.]" (Healy Decl. ¶ 20.)

11

Once again, an obvious factual dispute, on a completely undeveloped record, underscores the premature nature of TCPI's motion to dismiss. For all of the same reasons the Court cannot dismiss the complaint on the basis of IAG's status as an unregistered foreign limited liability company, dismissal under the guarantee in the engagement letter would be inappropriate at this time.

## V.  CONCLUSION

The Court declines to convert defendant's motion to dismiss to one for summary judgment, and, finding that plaintiff has stated a plausible claim for relief on the face of the complaint, defendant's Rule 12(b)(6) motion (Doc. No. 4) is DENIED. The Court will schedule this matter for a CMC.

**IT IS SO ORDERED**.

Dated: February 3, 2015

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**